IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUANTUM ENTERTAINMENT LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF INDIAN AFFAIRS; <br><br> Defendant. | Case No. 1:07-cv-01295 <br> Judge Ricardo M. Urbina |

**DEFENDANT'S ANSWER TO COMPLAINT FOR JUDICIAL REVIEW OF FEDERAL AGENCY ACTION, AND INJUNCTIVE AND OTHER RELIEF**

The Defendant, United States Department of the Interior, Bureau of Indian Affairs, hereby responds to the allegations of Plaintiff's Complaint as stated below.  To the extent any allegation of Plaintiff's Complaint has not been admitted or specifically responded to, Defendant denies such allegation.

**PARTIES**

1.    Defendant is without sufficient information to either admit or deny the allegations in Paragraph 1, and the allegations are therefore denied.

2.    Defendant admits the allegations in Paragraph 2.

**JURISDICTION AND VENUE**

3.    The allegations in Paragraph 3 consist of conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

4. The allegations in Paragraph 4 consist of conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

5. The allegations in Paragraph 5 consist of conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

## LEGAL BACKGROUND

6. The allegations in Paragraph 6 state conclusions of law, to which no response is required. To the extent there are factual allegations to which a response is required, the allegations are denied.

7. The allegations in Paragraph 7 state characterizations of court decisions, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 7 are inconsistent with those decisions, the allegations are denied.

8. The allegations in Paragraph 8 state conclusions of law, to which no response is required.

9. The allegations in Paragraph 9 characterize Old Section 81, a statute which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 9 are inconsistent with that statute, the allegations are denied.

10. The allegations in Paragraph 10 characterize New Section 81, a statute which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 10 are inconsistent with that statute, the allegations are denied.

11. The allegations in Paragraph 11 purport to characterize the Acting Regional Director's decision of October 23, 2003, a document which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, they are denied.

12. Defendant admits the allegations in Paragraph 12.

13. The allegations in Paragraph 13 purport to characterize the Interior Board of Indian Appeals's decision of March 27, 2007, a document which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, they are denied.

## FACTUAL BACKGROUND

14. The allegations in Paragraph 14 purport to characterize the charter for Kewa Gas Limited, a document which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, they are denied.

15. Defendant is without sufficient information to either admit or deny the allegations in Paragraph 15, and the allegations are therefore denied.

16. Defendant is without sufficient information to either admit or deny the allegations in Paragraph 16, and the allegations are therefore denied.

17. Defendant admits the allegations in Paragraph 17.

18. The allegations in Paragraph 18 state conclusions of law and characterize the New Mexico Gasoline Tax Act (N.M. Stat. § 7–13–1 *et seq.* (1971, as amended)). To the extent that Paragraph 18 concerns the content of New Mexico's Gasoline Tax Act, that statute speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that statute, they are denied. Defendant is without knowledge or information sufficient to form a belief as to the last sentence in Paragraph 18, and the allegations are therefore denied.

19. Defendant admits the allegations in the first sentence of Paragraph 19. Defendant is without knowledge or information sufficient to form a belief as to the second sentence of Paragraph 19, and the allegations are therefore denied.

20. Defendant admits the allegations in Paragraph 20.

21. Defendant admits that the wholesale fuel distribution business managed by the Plaintiff was located within the geographic boundaries of the Santo Domingo Pueblo. The remaining allegations in the first sentence of Paragraph 21 are conclusions of law, to which no response is required. Defendant is without sufficient information to either admit or deny the allegations in the second sentence of Paragraph 21, and the allegations are therefore denied.

22. Defendant admits the allegations in Paragraph 22.

23. The allegations in Paragraph 23 purport to characterize the provisions of Lease BIA No. M20 717 50 008 0555 between Kewa Gas Limited and the Santo Domingo Pueblo, a document which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, they are denied.

24. The allegations in Paragraph 24 purport to characterize the Management Agreement between Kewa Gas Limited, the Santo Domingo Pueblo, and Plaintiff, a document which speaks for itself and is the best evidence of its contents.

25. The allegations in Paragraph 25 purport to characterize the Management Agreement between Kewa Gas Limited, the Santo Domingo Pueblo, and Plaintiff, a document which speaks for itself and is the best evidence of its contents.

26. The allegations in Paragraph 26 purport to characterize the Management Agreement between Kewa Gas Limited, the Santo Domingo Pueblo, and Plaintiff, a document which speaks for itself and is the best evidence of its contents.

27. The allegations in Paragraph 27 purport to characterize the Management Agreement between Kewa Gas Limited, the Santo Domingo Pueblo, and Plaintiff, a document which speaks for itself and is the best evidence of its contents.

28. The allegations in Paragraph 28 purport to characterize the Management Agreement between Kewa Gas Limited, the Santo Domingo Pueblo, and Plaintiff, a document which speaks for itself and is the best evidence of its contents.

29. The allegations in Paragraph 29 purport to characterize the Management Agreement between Kewa Gas Limited, the Santo Domingo Pueblo, and Plaintiff, a document which speaks for itself and is the best evidence of its contents.

30. The allegations in Paragraph 30 purport to characterize the Management Agreement between Kewa Gas Limited, the Santo Domingo Pueblo, and Plaintiff, a document which speaks for itself and is the best evidence of its contents. Furthermore, the allegations in Paragraph 30 state conclusions of law, to which no response is required.

31. The allegations in Paragraph 31 purport to characterize the Management Agreement between Kewa Gas Limited, the Santo Domingo Pueblo, and Plaintiff, a document which speaks for itself and is the best evidence of its contents. Furthermore, the allegations in Paragraph 31 state conclusions of law, to which no response is required.

32. The allegations in Paragraph 32 purport to characterize the Management Agreement between Kewa Gas Limited, the Santo Domingo Pueblo, and Plaintiff, a document which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 32 are inconsistent with that document, they are denied. Furthermore, the allegations in Paragraph 32 state conclusions of law, to which no response is required.

33. The allegations in Paragraph 33 constitute a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

34. Defendant admits the allegations in Paragraph 34.

35. Defendant admits the allegations in Paragraph 35.

36. The allegations in Paragraph 36 purport to characterize the Acting Regional Director's decision of October 23, 2003, a document which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, they are denied.

37. The allegations in Paragraph 37 purport to characterize the Acting Regional Director's decision of October 23, 2003, a document which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, they are denied.

38. The allegations in Paragraph 37 purport to characterize the Acting Regional Director's decision of October 23, 2003, a document which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, they are denied.

39. Defendant denies that the Acting Regional Director's decision was erroneous. The remaining allegations concern the Acting Regional Director's decision of October 23, 2003, a document which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, they are denied.

40. Defendant denies that the Acting Regional Director ordered various forms of relief, including disgorgement of the management fees. The remaining allegations in Paragraph 40 purport to characterize the Acting Regional Director's decision of October 23, 2003, a document which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, they are denied.

41. Defendant admits the allegations in the first sentence of Paragraph 41. The remaining allegations in Paragraph 41 concern the Interior Board of Indian Appeals's Order of

March 27, 2007, a document which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that document, they are denied.

42. The allegations in Paragraph 42 state conclusions of law, to which no response is required.

**COUNT I**

43. The Defendant incorporates its answers to Paragraphs 1 through 42 by reference.

44. The allegations in Paragraph 44 state conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

45. The allegations in Paragraph 45 state conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

46. The allegations in Paragraph 46 state conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

47. The allegations in Paragraph 47 state conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

48. The allegations in Paragraph 48 state conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

49. The allegations in Paragraph 49 state conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

50. The allegations in Paragraph 50 state conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

51. The allegations in Paragraph 51 state conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

52. The allegations in Paragraph 52 state conclusions of law, to which no response is

required.  To the extent a response is required, the allegations are denied.

53. The allegations in Paragraph 53 state conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

54. The allegations in Paragraph 54 state conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

55. The allegations in Paragraph 55 state conclusions of law, to which no response is required.

56. The allegations in Paragraph 56 state conclusions of law, to which no response is required.

57. The allegations in Paragraph 57 state conclusions of law, to which no response is required.

58. The allegations in Paragraph 58 state conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

59. The allegations in Paragraph 59 state conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

60. The allegations in Paragraph 60 state conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

61. The allegations in Paragraph 61 state conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

62. The allegations in Paragraph 62 state conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

63. Defendant denies that the Acting Regional Director ordered a remedy against Plaintiff.  The remaining allegations in Paragraph 63 state conclusions of law, to which no

response is required. To the extent a response is required, the allegations are denied.

64. Defendant denies that the Acting Regional Director ordered a remedy against Plaintiff. The remaining allegations in Paragraph 64 state conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

65. Defendant denies that the Acting Regional Director ordered a remedy against Plaintiff. The remaining allegations in Paragraph 65 state conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

66. The allegations in Paragraph 66 state conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

67. The allegations in Paragraph 67 state conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

68. The allegations in Paragraph 68 state conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

69. The allegations in Paragraph 69 state conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

70. The allegations in Paragraph 70 state conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

71. Defendant denies that the Acting Regional Director ordered a remedy against Plaintiff. The remaining allegations in Paragraph 71 state conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

72. The allegations in Paragraph 72 state conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

73. The allegations in Paragraph 73 state conclusions of law, to which no response is

required. To the extent a response is required, the allegations are denied.

74. Defendant denies that the Acting Regional Director's decision was tainted by bias. The remaining allegations in Paragraph 74 state conclusions of law, to which no response is required.

75. The allegations in Paragraph 75 state conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint consists of Plaintiff's Prayer for Relief, to which no response is required. To the extent a response may be required, Defendant denies Plaintiff is entitled to the relief requested in the Complaint, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

A. Plaintiff lacks standing for some or all of its claims.

B. The Court lacks subject matter jurisdiction over all or some of Plaintiff's claims.

C. Some or all of Plaintiff's claims are not ripe for the Court's review.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief prayed for, or to any relief whatsoever, and requests that this action be dismissed with prejudice, judgment be entered for Defendant, the Court grant Defendant its costs of suit, and the Court order such other and further relief as the Court may allow.

Respectfully submitted this 14th day of November, 2007.

                                        RONALD J. TENPAS
                                        Acting Assistant Attorney General

By:    */s/ Devon Lehman McCune*
        DEVON LEHMAN McCUNE
        Trial Attorney
        U.S. Department of Justice
        Environment & Natural Resources Division
        Natural Resources Section
        1961 Stout St., 8th Floor
        Denver, CO 80294
        (303) 844-1487 (tel.)
        (303) 844-1350 (fax)
        devon.mccune@usdoj.gov

        */s/ Kristofor R. Swanson*
        KRISTOFOR R. SWANSON
        (Colo. Bar No. 39378)
        U.S. Department of Justice
        Environment & Natural Resources Division
        Natural Resources Section
        P.O. Box 663
        Washington, DC 20044-0663
        Tel: 202-305-0248
        Fax: 202-305-0506
        Email: kristofor.swanson@usdoj.gov

OF COUNSEL:

JANET SPAULDING
Senior Attorney
U.S. Department of the Interior
Office of the Solicitor
Tulsa Field Office
Tulsa, OK 74145

## CERTIFICATE OF SERVICE

      I hereby certify that on November 14, 2007, the Defendant's Answer to Complaint for Judicial Review of Final Agency Action and Injunctive and Other Relief was filed with the United States District Court for the District of Columbia's electronic filing system, to which the following attorneys are registered to be noticed:

Shelby J. Kelley
shelby.kelley@bracewellgiuliani.com

I also hereby certify that a copy was sent via Federal Express to:

Mark A. Smith
Rodey, Dickason, Sloan, Akin & Robb P.A.
201 Third St., NW
Suite 2200
Albuquerque, NM 87102

                                                      */s/ Kristofor R. Swanson*
                                                      Kristofor R. Swanson