IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUANTUM ENTERTAINMENT LIMITED, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No: 1:07-cv-01295-RMU<br>) |
| UNITED STATES DEPARTMENT OF THE INTERIOR BUREAU OF INDIAN AFFAIRS, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## JOINT STIPULATION

WHEREAS the above-captioned matter challenges an Interior Board of Indian Appeals decision regarding the Bureau of Indian Affairs Acting Southwest Regional Director's determination to invalidate a management agreement between Plaintiff and the Santo Domingo Pueblo ("Pueblo");

WHEREAS the Court ordered a briefing schedule in the above-captioned matter on May 13, 2008 (Dkt. No. 11); and

WHEREAS the first briefs are due to be filed with the Court on June 27, 2008, Plaintiff Quantum Entertainment Limited, LLC, and Defendant U.S. Department of the Interior, Bureau of Indian Affairs (collectively, "parties"), hereby stipulate as follows:

1.  Congress amended the statute at issue in this lawsuit, 25 U.S.C. § 81, in 2000. Plaintiff and the Pueblo entered into the management agreement prior to the amendment. The Acting Regional Director made his determination after the amendment. One of several issues before the Court is which version of Section 81 should have governed the Regional Director's determination regarding the agreement.

2.	If the Court decides that amended Section 81 should have governed the Regional Director's determination, the parties acknowledge that the contract is not subject to Secretarial approval. *See GasPlus v. U.S. Department of the Interior, Bureau of Indian Affairs*, 510 F. Supp. 2d 18 (D.D.C. 2007) (Case No. 1:03cv1902) (finding a similar contract was not subject to Secretarial approval under amended Section 81 because it was not an encumbrance to Indian lands). Defendant limits its acknowledgement to the facts and contract of the present action.

3.	The parties continue to disagree as to whether the contract is subject to approval under Section 81 as it existed prior to the 2000 amendment.

Respectfully submitted this 4th day of June, 2008,

| | |
|---|---|
| RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A. | RONALD J. TENPAS<br>Assistant Attorney General |
| By: /s/ Mark A. Smith<br>Mark A. Smith<br>(Pro Hac Vice Granted 3/11/2008)<br>Post Office Box 1888<br>Albuquerque, New Mexico 87103<br>Telephone: (505) 768-7500<br>Fax: (505) 768-7395 | By: /s/ Kristofor R. Swanson<br>KRISTOFOR R. SWANSON<br>(Colo. Bar No. 39378)<br>U.S. Department of Justice<br>Natural Resources Section<br>P.O. Box 663<br>Washington, DC 20044-0663<br>Tel: 202-305-0248<br>Fax: 202-305-0506<br>kristofor.swanson@usdoj.gov |
| BRACEWELL & GIULIANI, LLP<br>Shelby J. Kelley (D.C. Bar # 464248)<br>Nancy J. Appleby (D.C. Bar # 470995)<br>2000 K Street, N.W., Suite 500<br>Washington, DC 20006-1872<br>Telephone: (202) 828-5800<br>Fax: (202) 223-1225 | Of Counsel:<br><br>JANET SPAULDING<br>U.S. Department of the Interior<br>Office of the Solicitor<br>Tulsa, OK 74145 |

SO ORDERED

Date:_____        _____
                                                                       RICARDO M. URBINA
                                                                       United States District Judge