IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUANTUM ENTERTAINMENT limited, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:07-cv-01295-RMU |
| UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF INDIAN AFFAIRS, | ) ) ) ) ) |
| Defendant. | ) ) |

## ERRATA NOTICE

Plaintiff Quantum Entertainment hereby submits a replacement page 10 for Plaintiff's Brief in Support of Motion for Summary Judgment (Doc. 17-3).

>             BRACEWELL & GIULIANI, LLP
>             Shelby J. Kelley
>             D.C. Bar Number 464248
>             Nancy J. Appleby
>             D.C. Bar Number 470995
>             2000 K Street, N.W., Suite 500
>             Washington, DC 20006-1872
>             Telephone:  (202).828-5800
>             FAX:  (202).223-1225

-and-

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: _/s/ Mark A. Smith_____
    Mark A. Smith (Appearing under Minute Order
    dated 3/11/08, Granting Pro Hac Vice Motion)
    Post Office Box 1888
    Albuquerque, New Mexico 87103
    Telephone: (505).768-7500
    FAX: (505).768-7395

***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

Pursuant to Fed R. Civ. P. 5(b)(2)(D) and the Local Rules, I hereby certify that on June 27, 2008, a true copy of the foregoing pleading was filed electronically. Service of this filing to all parties, including those listed below, will be accomplished by operation of the Court's ECF system, and the parties may access this filing through the Court's system:

Devon Lehman McCune
U.S. DEPARTMENT OF JUSTICE
Natural Resources Section
1961 Stout Street
8th Floor
Denver, CO 80294
Email: devon.mccune@usdoj.gov

Kristofor R. Swanson
U.S. DEPARTMENT OF JUSTICE
P.O. Box 663
Washington, DC 20044
Email: kristofor.swanson@usdoj.gov

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: _/s/ Mark A. Smith_____
    Mark A. Smith

145 Cong. Rec. S2667 (daily ed. Mar. 15, 1999) (statement of Sen. Campbell); see also S. Rep. No. 106-150 (1999) ("Indian tribes, their corporate partners, courts, and the Bureau of Indian Affairs (BIA) have struggled for decades with how to apply [Old Section 81] in an era that emphasizes tribal self-determination, autonomy, and reservation economic development."); 145 Cong. Rec. H520-21 (daily ed. Feb. 29, 2000) (statement of Cong. Faleomavaega) (Under Old Section 81, "the Secretary of the Interior is asked to approve contracts for everything from construction of a new building to the purchase of tribal office supplies. The Bureau of Indian Affairs is overwhelmed by these unnecessary requests and the process severely hinders economic development on Indian lands."

Moreover, Current Section 81 eliminates the penalty of disgorgement. Disgorgement is viewed as "penal" when its purpose, even partly, is to punish an offender, as opposed to solely restore an aggrieved party to the status quo ante. "'[A] civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment, as we have come to understand the term.'" Austin v. United States, 509 U.S. 602, 610 (1993) (quoting United States v. Halper, 490 U.S. 435, 448 (1989), abrogated by Hudson v. U.S., 522 U.S. 93 (1997)); see also Cole v. U.S. Dep't Agric., 133 F.3d 803, 807 (11th Cir. 1998).[2] Thus, Current Section 81's repeal of the penal provision in Old Section 81 invokes the common law presumption in favor of applying a current statute to antedated behavior where the statute "merely remove[s] a burden on private rights by repealing a penal provision (whether criminal or civil)." Landgraf, 511 U.S. at 270.

---

[2] In the instant case, the disgorgement feature of Old Section 81 "cannot fairly be said solely to serve a remedial purpose." The statute does not provide for actual damages to be calculated and awarded to the tribe. Moreover, the plaintiff is to receive one half of the disgorgement without regard to whether the amount going to the tribe's benefit is sufficient to return the tribe to status quo ante. There can be little doubt that the purpose of the statute, at least in part, is to discourage persons from entering into certain contracts with tribes absent governmental approval.

10